IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONALD EUGENE NELSON,** ) <br> **Inmate #10785-026,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> **TAMMY CASTELLANO, E. CLANCEY,** ) <br> **RANDY J. DAVIS, MICHAEL K.** ) <br> **NALLEY, HARLEY LAPPIN and KAY** ) <br> **FLEMING,** ) <br> ) <br> **Defendants.** ) | **CIVIL NO. 05-135-DRH** |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Plaintiff, formerly an inmate in the Federal Prison Camp in Marion, Illinois, brings this action for alleged violations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in

fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

Plaintiff alleges that in 1986, while he was incarcerated in the MCFP in Springfield, Missouri, he participated in the literacy program and earned his high school equivalency, or GED certificate. That achievement apparently was later verified and documented by the Probation Department in 1996 in his PSI. When he was later incarcerated at Marion, he was unable to provide documentation to verify this achievement; the records at Springfield had been deleted after 10 years, per B.O.P. policy.[1] Because he was unable to provide this documentation, he was required to participate in the GED program at Marion, and that is the subject of this lawsuit – Plaintiff believes that in requiring him to participate in that program again, Defendants have somehow violated his constitutional rights.

Although it seems unfair that he be required to complete a second GED program, the complaint does not specify how Plaintiff has been harmed by this situation. Exhibits attached to the complaint do shed some light on this omission – apparently he received an incident report in 2004 for refusing to participate in the program, which may resulted in a sanction of nine days in segregation (*see* Doc. 1-4, p. 5; Doc. 1-6, p. 2). Therefore, the Court interprets this action as a challenge to a disciplinary proceeding in which Plaintiff may have been subjected to time in disciplinary segregation.

When a plaintiff brings a civil rights action for procedural due process violations, he must

---

[1] Compounding the problem of obtaining verified documentation is that in 1986, Plaintiff was incarcerated under the name of Sonny Nelson, B.O.P. Reg. No. 09722-016, Social Security No. 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. He now presents himself as Donald E. Nelson, B.O.P. Reg. No. 10785-026, Social Security No. 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.

show that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). An inmate has a due process liberty interest in being in the general prison population only if the conditions of his or her confinement impose "atypical and significant hardship...in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

The Seventh Circuit Court of Appeals has adopted an extremely stringent interpretation of *Sandin*. In this Circuit, a prisoner in disciplinary segregation at a state prison has a liberty interest in remaining in the general prison population only if the conditions under which he or she is confined are substantially more restrictive than administrative segregation at the most secure prison in that state. *Wagner v. Hanks*, 128 F.3d 1173, 1175 (7th Cir. 1997). If the inmate is housed at the most restrictive prison in the state, he or she must show that disciplinary segregation there is substantially more restrictive than administrative segregation at that prison. *Id.* In the view of the Seventh Circuit Court of Appeals, after *Sandin* "the right to litigate disciplinary confinements has become vanishingly small." *Id.* Indeed, "when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty." *Id.*

In the case currently before the Court, it appears that Plaintiff was sent to disciplinary segregation for nine days. Nothing in the complaint or exhibits suggests that the conditions that he had to endure while in disciplinary segregation were substantially more restrictive than administrative segregation in the most secure prison within the Bureau of Prisons. Therefore, Plaintiff's due process claim is without merit.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED:** October 5, 2006**.**

    /s/    David RHerndon
    **DISTRICT JUDGE**